| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>MILSTEAD & ASSOCIATES, LLC<br>By: Andrew M. Lubin<br>Atty. ID: AL0814<br>1 E. Stow Road<br>Marlton, NJ 08053<br>(856) 482-1400<br>File No. 200681-3<br>Attorneys for Movant: Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates, Series 2006-CH2 | Order Filed on May 2, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Robert S. LaRocca | Case No.: 14-20827-MBK<br>Chapter 13<br><br>Hearing Date: March 28, 2017<br>Time: 9:00 AM<br><br>Judge: Michael B. Kaplan |

## ORDER RESOLVING
## MOTION FOR RELIEF FROM AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED.**

**DATED: May 2, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon the motion of Milstead & Associates, LLC, Attorneys for the Secured Creditor, Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates, Series 2006-CH2 ("Mortgagee"), under Bankruptcy Code section 362(d) for relief from the Automatic Stay as to certain real property as set forth in the motion papers, and the parties having been represented through their respective counsel, Robert C Nisenson, Esquire, for the Debtor, and for good cause shown, it is ORDERED as follows:

1. The automatic stay as provided for by 11 U.S.C. §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Mortgagee is the holder of a mortgage which is a lien on real property owned by Debtor known as and located at 16 Cypress Drive, Monrow Town, NJ 08831 (the "Property").

3. The parties certify that there is a post-petition delinquency which is to be cured pursuant to the terms of this Order, said delinquency consisting of the following:

| | |
|---|---|
| 2 Payments: 3/1/16 – 4/1/16 @ $1,665.50 | $3,331.00 |
| 6 Payments: 5/1/16 – 10/1/16 @ $1,927.32 | $11,563.92 |
| 5 Payments 11/1/16 – 3/1/17 @ $1,987.19 | $9,935.95 |
| Suspense Balance | ($541.27) |
| **Total Post-Petition Arrears** | **$24,289.60** |

4. Within seven days of the entry of this Order, Debtor shall pay Mortgagee the amount of $6,000.00.

5. Debtor shall have sixty days from the entry of this Order to procure a trial loan modification.

6. All payments are to be forwarded to Select Portfolio Servicing, Inc., P.O. Box 65450, Salt Lake City, UT 84165-0450. Debtor shall reference the loan number on any and all payments made pursuant hereto.

7. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change by Mortgagee, and the monthly payment amount due under the terms of this Consent Order shall change accordingly.

8. In the event that Debtor should fail to have obtained a trial loan modification within sixty days of the entry of this Order, or should thereafter default on terms of a trial loan modification, or if the Debtor's loan modification is denied or if Debtor shall fail to make the payment of $6,000.00 within seven days of the entry of this Order, Secured Creditor may send Debtor and Debtor's counsel a written notice of default of this Order. If the default is in regards to a payment delinquency and is not cured within ten days of the date of such notice, Mortgagee may obtain an Order Vacating the Automatic Stay as to Real Property by submitting a Certification of Default to the Court. In the event that a notice of default is forwarded in regard to a payment delinquency, it is agreed that acceptance of partial payment by the Secured Creditor shall not constitute a satisfaction or waiver of the notice of default, and that the Secured Creditor may file a Certification of Default absent a full cure. A copy of any Certification of Default and the proposed order must be served upon the Trustee, Debtors, and Debtor's counsel at the time of submission to the Court. A certificate of service shall be filed by counsel for Mortgagee evidencing same.

In the event that the Certification of Default relates to Debtor's failure to obtain a trial loan modification or a denial of the loss mitigation application, Mortgagee shall be entitled to immediate relief on its Certification of Default and a ten day notice is not necessary.

9. A copy of any Certification of Default and the proposed order must be served upon the Trustee, Debtor, and Debtor's counsel at the time of submission to the Court. A certificate of service shall be filed by counsel for Mortgagee evidencing same.

10. In the event the instant bankruptcy case is converted to a case under Chapter 7, Debtor shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten (10) day period, such failure shall be deemed a default under the terms of this stipulation and Mortgagee may send Debtor and Debtor's counsel a written notice of default. If the default is not cured within ten (10) days from the date of said notice, counsel for Mortgagee may file a Certification of Default with the Court, upon notice to the trustee, Debtor, and Debtor's counsel, and the Court shall enter an Order granting relief from the Automatic Stay as to the Property.