| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>MILSTEAD & ASSOCIATES, LLC<br>By: Andrew M. Lubin<br>Atty. ID: AL0814<br>1 E. Stow Road<br>Marlton, NJ 08053<br>(856) 482-1400<br>File No. 200681-3<br>Attorneys for Movant: Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates, Series 2006-CH2 |
| In Re:<br><br>Robert S. LaRocca |

Order Filed on May 2, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 14-20827-MBK
Chapter 13

Hearing Date: March 28, 2017
Time: 9:00 AM

Judge: Michael B. Kaplan

### ORDER RESOLVING
### MOTION FOR RELIEF FROM AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED.**

**DATED: May 2, 2017**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

Upon the motion of Milstead & Associates, LLC, Attorneys for the Secured Creditor, Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates, Series 2006-CH2 ("Mortgagee"), under Bankruptcy Code section 362(d) for relief from the Automatic Stay as to certain real property as set forth in the motion papers, and the parties having been represented through their respective counsel, Robert C Nisenson, Esquire, for the Debtor, and for good cause shown, it is ORDERED as follows:

1. The automatic stay as provided for by 11 U.S.C. §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Mortgagee is the holder of a mortgage which is a lien on real property owned by Debtor known as and located at 16 Cypress Drive, Monrow Town, NJ 08831 (the "Property").

3. The parties certify that there is a post-petition delinquency which is to be cured pursuant to the terms of this Order, said delinquency consisting of the following:

| | |
|---|---|
| 2 Payments: 3/1/16 – 4/1/16 @ $1,665.50 | $3,331.00 |
| 6 Payments: 5/1/16 – 10/1/16 @ $1,927.32 | $11,563.92 |
| 5 Payments 11/1/16 – 3/1/17 @ $1,987.19 | $9,935.95 |
| Suspense Balance | ($541.27) |
| **Total Post-Petition Arrears** | **$24,289.60** |

4. Within seven days of the entry of this Order, Debtor shall pay Mortgagee the amount of $6,000.00.

5. Debtor shall have sixty days from the entry of this Order to procure a trial loan modification.

6. All payments are to be forwarded to Select Portfolio Servicing, Inc., P.O. Box 65450, Salt Lake City, UT 84165-0450. Debtor shall reference the loan number on any and all payments made pursuant hereto.

7. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change by Mortgagee, and the monthly payment amount due under the terms of this Consent Order shall change accordingly.

8. In the event that Debtor should fail to have obtained a trial loan modification within sixty days of the entry of this Order, or should thereafter default on terms of a trial loan modification, or if the Debtor's loan modification is denied or if Debtor shall fail to make the payment of $6,000.00 within seven days of the entry of this Order, Secured Creditor may send Debtor and Debtor's counsel a written notice of default of this Order. If the default is in regards to a payment delinquency and is not cured within ten days of the date of such notice, Mortgagee may obtain an Order Vacating the Automatic Stay as to Real Property by submitting a Certification of Default to the Court. In the event that a notice of default is forwarded in regard to a payment delinquency, it is agreed that acceptance of partial payment by the Secured Creditor shall not constitute a satisfaction or waiver of the notice of default, and that the Secured Creditor may file a Certification of Default absent a full cure. A copy of any Certification of Default and the proposed order must be served upon the Trustee, Debtors, and Debtor's counsel at the time of submission to the Court. A certificate of service shall be filed by counsel for Mortgagee evidencing same.

In the event that the Certification of Default relates to Debtor's failure to obtain a trial loan modification or a denial of the loss mitigation application, Mortgagee shall be entitled to immediate relief on its Certification of Default and a ten day notice is not necessary.

9. A copy of any Certification of Default and the proposed order must be served upon the Trustee, Debtor, and Debtor's counsel at the time of submission to the Court. A certificate of service shall be filed by counsel for Mortgagee evidencing same.

10. In the event the instant bankruptcy case is converted to a case under Chapter 7, Debtor shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten (10) day period, such failure shall be deemed a default under the terms of this stipulation and Mortgagee may send Debtor and Debtor's counsel a written notice of default. If the default is not cured within ten (10) days from the date of said notice, counsel for Mortgagee may file a Certification of Default with the Court, upon notice to the trustee, Debtor, and Debtor's counsel, and the Court shall enter an Order granting relief from the Automatic Stay as to the Property.

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 14-20827-MBK
Robert S LaRocca                                                      Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3              User: admin              Page 1 of 1              Date Rcvd: May 02, 2017
                                  Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 04, 2017.
db            +Robert S LaRocca,    16 Cypress Drive,    Monroe Township, NJ 08831-8713

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                   TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 04, 2017                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 2, 2017 at the address(es) listed below:
              Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
              Albert   Russo    docs@russotrustee.com
              Albert   Russo (NA)    on behalf of Trustee Albert   Russo docs@russotrustee.com
              Andrew M. Lubin    on behalf of Creditor    Select Portfolio Servicing, Inc., as servicing agent
               for U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition
               Trust 2006-CH2 Asset Backed Pass-Through Certifica bkecf@milsteadlaw.com,    alubin@milsteadlaw.com
              Andrew M. Lubin    on behalf of Creditor    U.S. Bank N.A., as trustee, on behalf of the holders of
               the J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates,
               Series 2006-CH2 bkecf@milsteadlaw.com,    alubin@milsteadlaw.com
              Denise E. Carlon    on behalf of Creditor    U.S. Bank N.A., as trustee, on behalf of the holders
               of the J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates,
               Series 2006-CH2 dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Robert C. Nisenson    on behalf of Debtor Robert S LaRocca rnisenson@aol.com,
               nisensonlaw@aol.com;G2729@notify.cincompass.com;nisensonlaw@gmail.com
                                                                                              TOTAL: 7